Longworth, J.
(dissenting). My mind has not come to the conclusion at which the majority of the court has arrived, and I am unable to conclude that the judgment of the court below was warranted as a legal conclusion from the facts as found. I do not doubt but that those facts showed the plaintiff to be entitled to a judgment upon his cause of action for nominal damages ; but how he became entitled to recover the sum of $50,1 confess myself unable to see. The rule is well settled in Gaylor v. Hunt, cited in the opinion, that the measure of damages, in actions of this character, is not necessarily the amount for which execution should have issued, but the loss suffered hy the creditor from the neglect, and in that case it is said that, where the judgment debtor is insolvent, only nominal damages are recoverable. To justify the judgment under consideration, therefore, it must have appeared to the court below, that the property of the debtor would have been applied to the satisfaction of the execution, had it issued, to the extent of $50. I am not now discussing what evidence, inferences or presumptions would have warranted this conclusion, nor upon which party rested the burden of showing that the fact did, or did not, exist; I simply assert that, to justify the judgment, the fact must lime arpjpea/red. The distinction between a fact and evidence of its existence is well understood. We have before us the facts found, but we do not know what the evidence was, what presumptions may have arisen, and what inferences may have been rebutted; nor are we at liberty to add to or change the facts as found by the trial court*; our office being simply to determine whether the judgment follows as a legal conclusion from the facts as found.
Now what is the controlling fact which is to determine the *422 liability of the judgment debtor? Clearly, as before stated, that this property would have been reached by the execution, had it issued; but whether it would or would not, we are nc-t told.
The court below, it is true, sets out in it's written findings certain items of evidence, which tend to show, that the debtor would have had the right to exempt his property from execution had he so desired; but what he did, or would have done, we have no means of knowing.
This finding of facts is said to be imperfect, and cases are cited to show that advantage of this should have been taken in the court below. I submit, with deference to my brethren, that upon this fact or point the finding is not imperfect, but that there is no finding. I concede that, wherever the judgment follows as a legal conclusion from the facts found, it cannot be claimed in a court of error that, had the findings been more thorough and complete, this would not have been the result. This is precisely the doctrine of the cases cited, and is its extent. I concede further, that in case of ambiguity in the findings that construction will be adopted, if possible, which will support the judgment (see Jack v. Hudnall, 25 Ohio St. 255); but I deny, that the judgment can stand, where the fact, which is its foundation, is not found at all; and I cannot admit, that we have the right to consider any evidence set forth in the findings in order to infer therefrom the existence or non-existence of the absent and all-important fact. This view is authoritatively supported in Leach v. Church, 10 Ohio St. 148, th? syllabus of which is as follows : “ No judgment can be rendered upon a finding of facts which are in the nature of evidence only, and are not, in 1cm, conclusive upon the question at issue.”
But if it were allowable for us on error to draw inferences of fact from the evidence found, as to whether the debtor would or would not have exercised his right of exempting his property from execution,'had it issued, the probabilities were, and the inference of fact should be, that he would have claimed the exemption.
"White, J., concurs in the dissent.